UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Davon Stephens, | ) |
|                     Plaintiff, | ) Case No: 2:24-cv-6427-DCC-MGB |
| v. | ) **DEFENDANT KADIJAH HOLLOMAN'S ANSWER** |
| South Carolina Department of Juvenile Justice, Kadijah Holloman, John Doe and Jane Doe, | ) **(Jury Trial Demanded)** |
|                     Defendants. | ) |

Defendant Kadijah Holloman (hereinafter, "Defendant" or "Holloman"), reserving the right to file a motion under Rule 12 of the Federal Rules of Civil Procedure, or any other dispositive motion, answers Plaintiff's Complaint by denying each and every allegation not hereinafter specifically admitted, demanding strict proof thereof, and further answers as follow:

**FOR A FIRST DEFENSE AND BY WAY OF ANSWER**

1. Each and every allegation contained in the Complaint not specifically admitted herein is hereby denied and strict proof thereof demanded.

2. Holloman lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of the allegations of Paragraph 1 and, therefore, denies the same.

3. Paragraph 2 is admitted upon information and belief.

4. Paragraph 3 does not assert any allegations pertaining to Holloman to which Holloman is required to respond; however, to the extent that Paragraph 3 asserts any allegations of wrongdoing by Holloman, those allegations are denied.

5. Paragraph 4 is admitted.

6. Holloman lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of the allegations of Paragraph 5 and, therefore, denies the same.

7. In response to Paragraph 6, Holloman admits that Plaintiff's complaint alleges that acts and omissions occurred in Richland County; however, Holloman denies the allegations of the acts and omissions complained of in Plaintiff's complaint.

8. Paragraph 7 contains legal conclusions to which no response is required by Holloman; however, to the extent that Paragraph 7 contains any allegations of wrongdoing on the part of Holloman, those allegations are denied.

9. Paragraph 8 contains legal conclusions to which no response is required by Holloman; however, to the extent that Paragraph 8 contains any allegations of wrongdoing on the part of Holloman, those allegations are denied.

10. Paragraph 9 contains legal conclusions to which no response is required by Holloman; however, to the extent that Paragraph 9 contains any allegations of wrongdoing on the part of Holloman, those allegations are denied.

11. Paragraph 10 contains legal conclusions to which no response is required by Holloman; however, to the extent that Paragraph 10 contains any allegations of wrongdoing on the part of Holloman, those allegations are denied.

12. Paragraph 11 contains legal conclusions to which no response is required by Holloman; however, to the extent that Paragraph 11 contains any allegations of wrongdoing on the part of Holloman, those allegations are denied.

13. Paragraph 12 contains legal conclusions to which no response is required by Holloman; however, to the extent that Paragraph 12 contains any allegations of wrongdoing on the part of Holloman, those allegations are denied.

14. Paragraph 13 does not assert any allegations pertaining to Holloman to which Holloman is required to respond; however, to the extent that Paragraph 13 asserts any allegations of wrongdoing by Holloman, those allegations are denied.

15. Paragraph 14 does not assert any allegations pertaining to Holloman to which Holloman is required to respond; however, to the extent that Paragraph 14 asserts any allegations of wrongdoing by Holloman, those allegations are denied.

16. Paragraph 15 does not assert any allegations pertaining to Holloman to which Holloman is required to respond; however, to the extent that Paragraph 15 asserts any allegations of wrongdoing by Holloman, those allegations are denied.

17. Paragraph 16 does not assert any allegations pertaining to Holloman to which Holloman is required to respond; however, to the extent that Paragraph 16 asserts any allegations of wrongdoing by Holloman, those allegations are denied.

18. Paragraph 17 does not assert any allegations pertaining to Holloman to which Holloman is required to respond; however, to the extent that Paragraph 17 asserts any allegations of wrongdoing by Holloman, those allegations are denied.

19. Paragraph 18 does not assert any allegations pertaining to Holloman to which Holloman is required to respond; however, to the extent that Paragraph 18 asserts any allegations of wrongdoing by Holloman, those allegations are denied.

20. Paragraph 19 does not assert any allegations pertaining to Holloman to which Holloman is required to respond; however, to the extent that Paragraph 19 asserts any allegations of wrongdoing by Holloman, those allegations are denied.

21. Paragraph 20 does not assert any allegations pertaining to Holloman to which Holloman is required to respond; however, to the extent that Paragraph 20 asserts any allegations of wrongdoing by Holloman, those allegations are denied.

22. Paragraph 21 does not assert any allegations pertaining to Holloman to which Holloman is required to respond; however, to the extent that Paragraph 21 asserts any allegations of wrongdoing by Holloman, those allegations are denied.

23. Paragraph 22 does not assert any allegations pertaining to Holloman to which Holloman is required to respond; however, to the extent that Paragraph 22 asserts any allegations of wrongdoing by Holloman, those allegations are denied.

24. Paragraph 23 does not assert any allegations pertaining to Holloman to which Holloman is required to respond; however, to the extent that Paragraph 23 asserts any allegations of wrongdoing by Holloman, those allegations are denied.

25. Paragraph 24 does not assert any allegations pertaining to Holloman to which Holloman is required to respond; however, to the extent that Paragraph 24 asserts any allegations of wrongdoing by Holloman, those allegations are denied.

26. Paragraph 25 does not assert any allegations pertaining to Holloman to which Holloman is required to respond; however, to the extent that Paragraph 25 asserts any allegations of wrongdoing by Holloman, those allegations are denied.

27. Paragraph 26 does not assert any allegations pertaining to Holloman to which Holloman is required to respond; however, to the extent that Paragraph 26 asserts any allegations of wrongdoing by Holloman, those allegations are denied.

28. Paragraph 27 is denied.

29. Paragraph 28 is not directed towards Defendant Holloman; however, to the extent that Paragraph 28 asserts any allegations of wrongdoing by Holloman, those allegations are denied.

30. Paragraph 29 does not assert any allegations pertaining to Holloman to which Holloman is required to respond; however, to the extent that Paragraph 29 asserts any allegations of wrongdoing by Holloman, those allegations are denied.

31. Paragraph 30 does not assert any allegations pertaining to Holloman to which Holloman is required to respond; however, to the extent that Paragraph 30 asserts any allegations of wrongdoing by Holloman, those allegations are denied.

32. Paragraph 31 does not assert any allegations pertaining to Holloman to which Holloman is required to respond; however, to the extent that Paragraph 31 asserts any allegations of wrongdoing by Holloman, those allegations are denied.

33. Paragraph 32 does not assert any allegations pertaining to Holloman to which Holloman is required to respond; however, to the extent that Paragraph 32 asserts any allegations of wrongdoing by Holloman, those allegations are denied.

34. Paragraph 33 does not assert any allegations pertaining to Holloman to which Holloman is required to respond; however, to the extent that Paragraph 33 asserts any allegations of wrongdoing by Holloman, those allegations are denied.

35. Paragraph 34 does not assert any allegations pertaining to Holloman to which Holloman is required to respond; however, to the extent that Paragraph 34 asserts any allegations of wrongdoing by Holloman, those allegations are denied.

36. Paragraph 35 does not assert any allegations pertaining to Holloman to which Holloman is required to respond; however, to the extent that Paragraph 35 asserts any allegations of wrongdoing by Holloman, those allegations are denied.

37. In response to Paragraph 36, Holloman restates and realleges her responses in Paragraphs 1 through 36 above.

38. Paragraph 37 is denied.

39. Paragraph 38 is denied.

40. Paragraph 39 is denied.

41. Paragraph 40 is admitted upon information and belief.

42. In response to Paragraph 41, Holloman respectfully invokes her Fifth Amendment right against self-incrimination and, on that basis, neither admits or denies the allegations of Paragraph 41 pertaining to oral sex. Holloman denies the remaining allegations of Paragraph 41.

43. Holloman lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of the allegations of Paragraph 42 and, therefore, denies the same.

44. Holloman lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of the allegations of Paragraph 43 and, therefore, denies the same.

45. In response to Paragraph 44, Holloman denies all allegations of wrongdoing, specifically, the allegation that Plaintiff was sexually assaulted and the allegation of sexual abuse on other juveniles. As for the remaining allegations in Paragraph 44, Holloman lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of the remaining allegations in Paragraph 44 and, therefore, denies the same.

46. Paragraph 45 is not directed towards Holloman; however, to the extent that Paragraph 45 asserts any allegations of wrongdoing by Holloman, those allegations are denied.

47. In response to Paragraph 46, Holloman restates and realleges her responses in Paragraphs 1 through 46 above.

48. Paragraphs 47 through 60 do not assert any allegations pertaining to Holloman to which Holloman is required to respond and/or assert allegations that are not directed towards Holloman; however, to the extent that Paragraphs 47 through 60 assert any allegations of wrongdoing by Holloman, those allegations are denied.

49. In response to Paragraph 61, Holloman restates and realleges her responses in Paragraphs 1 through 48 above.

50. Paragraph 62 contains legal conclusions to which no response is required by Holloman; however, to the extent that Paragraph 62 contains any allegations of wrongdoing on the part of Holloman, those allegations are denied.

51. Paragraph 63 contains legal conclusions to which no response is required by Holloman; however, to the extent that Paragraph 63 contains any allegations of wrongdoing on the part of Holloman, those allegations are denied.

52. Paragraph 64 does not assert any allegations pertaining to Holloman to which Holloman is required to respond; however, to the extent that Paragraph 64 asserts any allegations of wrongdoing by Holloman, those allegations are denied.

53. Paragraph 65 is denied.

54. Paragraph 66 does not assert any allegations pertaining to Holloman to which Holloman is required to respond; however, to the extent that Paragraph 66 asserts any allegations of wrongdoing by Holloman, those allegations are denied.

55. Paragraph 67 is denied.

56. Paragraph 68 is denied.

57. Paragraph 69 does not assert any allegations pertaining to Holloman to which Holloman is required to respond; however, to the extent that Paragraph 69 asserts any allegations of wrongdoing by Holloman, those allegations are denied.

58. In response to Paragraph 70, Holloman denies all allegations of wrongdoing, specifically the allegations pertaining to sexual violence; however, Holloman admits that she was only on-site at the BRRC during work hours.

59. In response to Paragraph 71, Holloman denies all allegations of wrongdoing, specifically the allegations pertaining to sexual violence; however, Holloman admits that she was always within her normal scope and course of work when she was on-site at the BRRC.

60. In response to Paragraph 72, Holloman only admits that SCDJJ is liable for Holloman's conduct while she was on-site at the BRRC and during her scope and course of work at BRRC.

61. Paragraph 73 does not assert any allegations pertaining to Holloman to which Holloman is required to respond; however, to the extent that Paragraph 73 asserts any allegations of wrongdoing by Holloman, those allegations are denied.

62. Paragraph 74 is denied.

63. Holloman lacks sufficient knowledge and information upon which to form a belief as to the truth or falsity of the allegations of Paragraph 75 and, therefore, denies the same.

64. In response to Paragraph 76, Holloman restates and realleges her responses in Paragraphs 1 through 63 above.

65. Paragraphs 77 through 79 do not assert any allegations pertaining to Holloman to which Holloman is required to respond; however, to the extent that Paragraphs 77 through 79 assert any allegations of wrongdoing by Holloman, those allegations are denied.

66. In response to Paragraph 80, Holloman restates and realleges her responses in Paragraphs 1 through 65 above.

67. Paragraph 81 contains legal conclusions to which no response is required by Holloman; however, to the extent that Paragraph 81 contains any allegations of wrongdoing on the part of Holloman, those allegations are denied.

68. Holloman denies that Plaintiff is entitled to the relief requested in the "WHEREFORE" paragraph of their Complaint.

## FOR A SECOND DEFENSE

69. The allegations contained in the Complaint fail to set forth sufficient facts to constitute a cause of action as to Defendant Holloman and, therefore, the Complaint must be dismissed pursuant to Rule 12(b)(6), FRCP.

## FOR A THIRD DEFENSE

70. Any injuries or damages sustained by Plaintiff were due to and caused and occasioned by Plaintiff's own negligence, gross negligence, recklessness, willfulness and wantonness which was the direct and proximate cause of Plaintiff's alleged injuries or damages, if any, and without which the same would not have occurred; therefore, due to Plaintiff's sole negligence, gross negligence, recklessness, willfulness, and wantonness, Plaintiffs' claims are barred.

## FOR A FOURTH DEFENSE

71. Even if Defendant Holloman was negligent in any respect, which is expressly denied, and such conduct operated as a proximate cause of Plaintiff's injuries or damages, if any, which is expressly denied, Defendant Holloman alleges Plaintiff's negligent, grossly negligent,

reckless, willful and wanton conduct contributed more than fifty percent (50%) of the cause of the incident and, therefore, Plaintiff's claims are barred.

## FOR A FIFTH DEFENSE

72. Even if Defendant Holloman was negligent in any respect, which is expressly denied, and even if such conduct on the part of Defendant Holloman operated as a greater than fifty percent (50%) cause of Plaintiff's alleged injuries or damages, if any, which is also denied, Defendant Holloman is entitled to a determination as to the percentage which Plaintiff's negligent, grossly negligent, reckless, willful and wanton conduct contributed to Plaintiff's accident and resulting injuries or damages, if any, and to a reduction of any amount awarded to Plaintiff by an amount equal to the percentage of Plaintiff's own negligence.

## FOR A SIXTH DEFENSE

73. Any injuries or damages sustained by Plaintiff were due to and caused by the sole negligence of third persons over which Defendant Holloman had no control; therefore, Defendant Holloman should not be liable to Plaintiff in any sum whatsoever.

## FOR A SEVENTH DEFENSE

74. Any injuries or damages sustained by Plaintiff were due to and caused by the intervening and superseding acts of negligence, carelessness, recklessness, and gross negligence on the part of third persons as a proximate cause of injuries as alleged, if any, and therefore, Defendant Holloman should not be liable to Plaintiff in any sum whatsoever.

## FOR AN EIGHTH DEFENSE

75. Assuming, *arguendo*, the Plaintiff's allegations towards Defendant Holloman specifically were true, which is expressly denied, the injuries or damages as Plaintiff allegedly sustained, if any, were caused by Plaintiff's assumption of a known risk or expected outcome;

accordingly, Defendant Holloman pleads Plaintiff's assumption of a known risk or expected outcome serves as a complete defense to this action.

### FOR A NINTH DEFENSE

76. Defendant Holloman relies upon any and all defenses or benefits afforded to them under the South Carolina Contribution Among Tortfeasors Act, codified at South Carolina Code Ann. § 15-38-15 et seq., including the right to have the jury apportion fault among any other party or responsible person whether or not named.

### FOR A TENTH DEFENSE

77. Defendant Holloman reserves the right to assert claims for contribution and indemnity against any other persons whether or not a party to this action.

### FOR AN ELEVENTH DEFENSE

78. Some or all of Plaintiff's articulated causes of action may be barred by the doctrines of waiver, estoppel, laches, and/or unclean hands.

### FOR A TWELFTH DEFENSE

79. To the extent demonstrable, Plaintiff's claims may fail due to his failure to mitigate his alleged damages. Specifically, Defendant Holloman pleads that Plaintiff failed to take reasonable steps to minimize or prevent the alleged damages.

### FOR A THIRTEENTH DEFENSE

80. Any recovery by Plaintiff must be reduced or offset by amounts Plaintiff has received or will receive from others for the same injuries claimed in this lawsuit.

### FOR A FOURTEENTH DEFENSE

81. To the extent Plaintiff may be seeking punitive damages, punitive damages, as currently awarded in South Carolina, are violative of the United States Constitution and South

Carolina Constitution, as well as the holding of *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and the cases upon which it is based.

## FOR A FIFTEENTH DEFENSE

82. Pursuant to *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), if punitive damages are recoverable, which is denied, the amount of punitive damages "[are] not really a fact tried by the jury" therefore, Plaintiff's request for punitive damages "to be determined by the jury" violates the United States Constitution.

## FOR A SIXTEENTH DEFENSE

83. The United States Constitution's Due Process Clause "forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties or those whom they directly [do not] represent," *Phillip Morris USA v. Williams*, 549 U.S. 346, 353 (2007); therefore, to the extent that Plaintiff seeks an award of punitive damages for potential or speculative harm to non-parties to the present action, such prayer for relief is unconstitutional and must be struck from the pleadings and is otherwise inadmissible at trial.

## FOR A SEVENTEENTH DEFENSE

84. Notwithstanding Defendant Holloman's prior defenses incorporating *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001) and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and the cases upon which they are based, in the event the trial court permits the jury to return a punitive damages award in the instant case, such damages are to be limited to an amount that is no greater than the jury's award of actual damages, as explicated within *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008).

## FOR AN EIGHTEENTH DEFENSE

85. Defendant Holloman pleads any and all applicable protections and rights afforded to them under the South Carolina Fairness in Civil Justice Act of 2011, codified at South Carolina Code Ann. §§ 15-32-510 to 15-32-540 as a defense to Plaintiff's claims or request for an award of punitive damages, including, but not limited to, any and all limitations and/or reductions to punitive damages (which are expressly denied).

## FOR A NINETEENTH DEFENSE

86. Plaintiff's claims against Defendant Holloman fail due to Plaintiff's voluntary and willing consent to engage in the alleged acts with Defendant Holloman.

## FOR A TWENTEITH DEFENSE

87. Plaintiff's claims may fail due to a mistake of fact, being Defendant Holloman's reasonable belief that Plaintiff had voluntarily and willing consented to the acts alleged in the Complaint.

## FOR A TWENTY-FIRST DEFENSE

88. Because the Plaintiff willing participated in the alleged conduct with Defendant Holloman, Plaintiff has suffered no recoverable damages.

## FOR A TWENTY-SECOND DEFENSE

89. Defendant Holloman specifically reserves the right to amend their answer and to raise any additional and/or affirmative defenses as may be available to it or revealed to them during the course of the investigation and/or discovery in this case.

## JURY TRIAL DEMAND

90. Defendant Holloman demands a jury trial on all claims so triable.

WHEREFORE, having fully answered Plaintiff's Complaint and having asserted affirmative defenses, Defendant Holloman respectfully requests that:

a. Plaintiff takes nothing by this action from Defendant Holloman;

b. A judgment of dismissal be entered in favor of Defendant Holloman;

c. Defendant Holloman be awarded the costs of the suit incurred; and

d. Defendant Holloman be awarded such other and further relief as this Court deems just and proper.

        Respectfully submitted,

        COURY LAW, LLC

By:   *s/Philip S. Coury*
      Philip S. Coury, Esquire
      Fed. ID#: 13824psc
      pcoury@coury-law.com
      2127 Park Street
      Columbia, SC  29201
      803.293.5189

      ATTORNEY FOR KADIJAH HOLLOMAN

January 9, 2025
Columbia, South Carolina